**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**ELAINE L. CHAO,**
Secretary of Labor,
United States Department of Labor,
Plaintiff,                                                                          **CIVIL NO. 94-1437(DRD)**

v.

**HOTEL OASIS, INC d/b/a**
**PARADOR OASIS,** et als.,
Defendants

## ORDER: ERRATA SHEET AS TO DOCKET NO. 214

There are typographical and structural errors which the Court deems should be corrected in its *Order as to Reconsideration and/or as to Objections to Final Computations by the Secretary of Labor*. (Docket No. 214)

On page 10, the second paragraph should read:

The claim as to Elizabeth Martinez Colon stands as claimed by the Department of Labor. The error claimed is unsubstantial (the occupation description space contained in the employment document was blank and the date of the interview is different in the Spanish version is opposed to the English version). (Further, it is the employer that has the obligation to state in its payroll related forms the description of the occupations of the employees.)

On page 12, the first paragraph should read:

These two factors, together with consistent violations of record keeping and the deliberate practice of hiring employees to work in private parties ("actividades") paying a determined amount and not crediting the hours of work toward the regular work week hours (employees told not to punch the time cards), convinced the undersigned by a preponderance of the evidence that the employer had engaged in a "deliberate" and/or "intentional" violation. The Final result constituted a camouflaging and manipulating of the payrolls of the corporation all complying within the willful norm that "the employer either knew or showed reckless disregard for the matter of whether its conduct [in violation of FLSA] was prohibited by statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 108 S.Ct. 1677 (1988). The Court is not persuaded by defendants' reiteration of the court's initial inclination as to lack of sufficiency for a determination as to willfulness. The legal conclusion of willfulness reached by the Court is not to be altered.

The parties are to note the corrections stated herein.

**IT IS SO ORDERED.**

**Date: June 16, 2005**                                                       s/ Daniel R. Dominguez
                                                                                          **DANIEL R. DOMINGUEZ**
                                                                                          **U.S. DISTRICT JUDGE**